UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:14-CV-00791-GNS

PE'REZ ABDUR RAHMAN                                                                                     PLAINTIFF

V.

PEGATRON TECHNOLOGIES                                                                          DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant Pegatron Technologies (DN 9). The time to respond has passed, and the motion is ripe for decision. For the reasons outlined below, the motion is **GRANTED**.

### I.        SUMMARY OF FACTS AND CLAIMS

This action arises out of events relating to the employment of Plaintiff Pe'Rez Abdur Rahman ("Rahman") by Pegatron Technologies ("Pegatron"). Rahman has alleged that Pegatron "[a]ttempted to demote employees [sic] position from technician to tester and reduce[d] pay by $3 per hour. Since [I] refused the demotion my employment was terminated." Rahman has alleged that Pegatron's decision was based upon his race, color, and religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. (Compl. ¶¶ 1, 6, 8, DN 1). As alleged in the Complaint, Rahman is a resident of Kentucky, and Pegatron is located in Indiana. (Compl. ¶¶ 2-3).

In the present motion, Pegatron seeks dismissal of Rahman's claims pursuant to Fed. R. Civ. P. 12(b)(3). (Def.'s Mem. in Supp. of Mot. to Dismiss 3-4, DN 9-1). Alternatively, Pegatron seeks dismissal of the discrimination claim based upon color due to Rahman's failure to

1

exhaust administrative remedies pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Mem. in Supp. of Mot. to Dismiss 4-6).

## II. STANDARD OF REVIEW

In ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(3), the court must favorably construe a plaintiff's allegations. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982). "To prevail on a motion to dismiss for improper venue, facts must be presented that will defeat the plaintiff's assertion of venue. Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003) (citations omitted).

## III. DISCUSSION

In its motion, Pegatron argues that venue is not proper in Kentucky. The relevant venue statute provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). *See also Trujillo v. Total Bus. Sys., Inc.*, 704 F. Supp. 1031, 1032 (D. Colo. 1989) (noting "that the more specific venue provisions of 42 U.S.C. § 2000e-5(f)(3) control and thus, exclude the general venue provisions of 28 U.S.C. § 1391." (citations omitted)).

2

Based upon the allegations in the Complaint, Plaintiff was employed by Pegatron in Jeffersonville, Indiana. (Compl. ¶ 4). He has not alleged that documents relating to his claim were maintained or administered by Pegatron in any other place besides Jeffersonville, Indiana. Thus, as the allegations reflect and Pegatron notes, venue would be proper in the U.S. District Court for the Southern District of Indiana under either basis provided for in 42 U.S.C. § 2000e-5(f)(3). Rahman, however, has failed to provide any basis that venue would be proper in this Court. Accordingly, the Court will dismiss the Complaint due to improper venue.[1]

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Pegatron Technologies' Motion to Dismiss is **GRANTED** due to improper venue and **DENIED AS MOOT** in all other respects. **IT IS FURTHER HEREBY ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE** due to improper venue.

**Greg N. Stivers, Judge
United States District Court**
August 24, 2015

cc: counsel of record
Plaintiff, *pro se*

---

[1] While Pegatron has alternatively moved to dismiss Rahman's claim of discrimination based upon color due to his failure to exhaust administrative remedies, the Court denies the motion on that basis because the Court is dismissing all claims due to improper venue.